**RICHARD E. DOBROTH & ASSOCIATES, INC., Plaintiffs**

**v.**

**HAKON D. TORJESEN & TOMLINSON I. MOSELEY,**
**Defendants**

Civil No. 142-1972

District Court of the Virgin Islands

Div. of St. Croix

January 18, 1974

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

DAVID V. O'BRIEN, ESQ., Christiansted, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

The complaint in this contract action was originally filed in the Municipal Court, which has exclusive jurisdiction of its subject matter. The case was transferred to the District Court when a Third-Party Complaint was filed because

"the assets of the Third-Party Defendant [were] subject to the jurisdiction" of this Court. I have decided that the case will be most efficiently handled by remanding it to the Municipal Court for appropriate bifurcation.

I will explain briefly my reasons for so deciding. First, while the assets of the Third-Party Defendant, as a bankrupt, are within the jurisdiction of this Court, a civil action separate from the bankruptcy proceeding cannot effect any final disposition of those assets. The action would have to be stayed pending the outcome of the bankruptcy. Therefore, it would seem more efficient to process the Third-Party Complaint as a claim against the bankrupt estate. To link the Third-Party Complaint to the original complaint in this action would merely delay the disposition of both. For this reason, I suggest an appropriate bifurcation by the Municipal Court after the remand of this case.

My second consideration in remanding the case is my conclusion, after examining the Third-Party Complaint, that there is no reasonable expectation of recovering a sum in excess of the jurisdiction amount for Municipal Court actions. Thus, it is within the power of this Court to remand the case to the Municipal Court for a final decision. Tonn Hooper Motor Corp., Inc. v. Provost, Civil No. 186/1971, October 4, 1973. I think this case presents an appropriate occasion for me to exercise my discretion in reviewing the amount in controversy and to remand to the Municipal Court.

ORDER

In conformance with the above Memorandum Opinion, it is hereby

ORDERED, that this action be remanded to the Municipal Court, where it shall be bifurcated. The original complaint shall go forward for trial and the Third-Party Com-

plaint shall be stayed pending the outcome of the bank-ruptcy proceeding involving Estate Montpellier Homes, Inc.